IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISTAL DARGON, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>XTEND HEALTHCARE, LLC,<br><br>                Defendant. | CASE NO. |

**CLASS ACTION COMPLAINT FOR VIOLATION OF WARN ACT AND NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT JOB LOSS NOTIFICATION ACT**

Kristal Dargon ("Plaintiff") alleges on behalf of herself and other similarly situated former employees by way of this class action complaint against Xtend Healthcare, LLC ("Defendant" or "Xtend"), as follows:

**NATURE OF THE ACTION**

1. Defendant was a vendor under contract with the State of New Jersey to operate a virtual COVID-19 Vaccination call center (the "Call Center") beginning in spring 2020.

2. To operate the Call Center, Xtend employed remote employees to speak with New Jersey residents regarding COVID vaccinations.

3. Xtend managed all the Call Center workers on a daily basis, whether they were hired directly by Xtend or recruited by staffing agencies.

4. Plaintiff was hired by Xtend and worked as a Call Center Supervisor/Operations Manager until her termination on or about February 24, 2022.

5. Xtend employed hundreds of Call Center employees, most of whom were terminated within 90 days beginning on or about February 24, 2022.

6. Defendant failed to give Plaintiff and the other similarly situated employees 60 days' advance notice of these terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2, as amended ("New Jersey WARN Act") (together, the "WARN Acts"). In this lawsuit, Plaintiff and the similarly situated employees seek their remedies for these statutory violations.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

9. Plaintiff is a resident of the state of New Jersey.

10. Plaintiff was hired by Defendant to serve as a Supervisor/Operations Manager on or about April 5, 2021. She held that position until her termination on February 24, 2022.

11. Upon information and belief, Plaintiff received assignments from and reported to Xtend's senior management who worked out of Xtend's Headquarters.

12. Shortly before her termination on February 24, 2022, Plaintiff was informed during a staff meeting of Call Center workers that the Call Center work would continue another year.

13. On or about February 24, 2022, Plaintiff was notified verbally by Xtend that she would be terminated effective immediately.

14. Plaintiff received no advance written notice of her termination.

15. Nor, upon information and belief, did Defendant provide advance written notice to similarly situated Call Center employees when terminating them on or about April 7, 2022.

16. Plaintiff was terminated without cause.

### *Defendant*

17. Upon information and belief, Defendant Xtend Healthcare, LLC is a Tennessee corporation with a principal place of business at its headquarters located at 90 Volunteer Drive, Suite 150, Hendersonville, Tennessee ("Headquarters").

18. Upon information and belief, Defendant is a subsidiary owned and controlled by Navient Corporation, a Fortune 500 company that offered contact center solutions to federal, state and local government agencies.

19. In December 2020, Defendant responded to New Jersey's request for a proposal seeking a vendor to operate its COVID-19 vaccination call center, as part of that state's efforts to fight the COVID-19 pandemic.

20. The Call Center that Defendant contracted to operate was a virtual call center, with staff members, supervisors and other employees mostly working remotely.

21. Defendant proposed to provide 1,300 agents to perform Call Center work.

22. Upon information and belief, Defendant set up the Call Center and operated it on a virtual platform using Navient's call center technology. The Call Center work was performed by dedicated trainers, call center agents, supervisors, managers, and quality management personnel support, among others.

23. The Call Center agents worked remotely outside the regular sites of employment of Defendant, using their own, personal cell phones, computers, internet services, and other peripheral devices and equipment.

24. Upon information and belief, the lower-level immediate supervisors and managers of the Call Center agents also worked remotely from locations that were outside the regular sites of employment of Defendant.

25. Plaintiff and similarly situated class members worked remotely, outside the regular sites of employment of Defendant for the virtual Call Center which was a technology-based platform, with all the capabilities of a physical call center. Defendant, upon information and belief, controlled and managed the Call Center from its Headquarters.

26. The main goal of the call center employees was to help New Jersey residents schedule vaccination appointments, which agents did, supported by their supervisors. The agents answered consumer questions on navigating the registration systems, referred callers to other help-lines and resources, made reminder calls to potential second dose vaccination recipients, and provided other services related to the New Jersey Vaccine Scheduling System.

27. Defendant developed and implemented call-handling procedures for the Call Center, including a system to document answers to frequently asked questions (FAQs), standard call scripts, and basic case-handling protocols.

28. Defendant's supervisors and managers oversaw the operations of the Call Center, and besides direct employee management, provided services such as project management, quality control, project oversight, IT support, help desk support and performance analysis.

29. Upon information and belief, Defendant created agent schedules and managed call volume in real time to shift resources between inbound and outbound calling.

30. Defendant's managers and supervisors had continuous access to agents and their team's performance on the virtual platform.

31. Defendant always monitored and controlled agents, questioning them whenever they were inactive at their computers for even short periods.

32. Plaintiff worked remotely, using an Xtend email address for work.

33. In early 2022, Defendant told Plaintiff and other employees that the Call Center work would continue for another year.

34. Prior to February 24, 2022, Defendant never indicated to Plaintiff that her job was soon to end or close to ending.

35. On information and belief, beginning on or about February 24, 2022, and continuing over the ensuing 90 days, Defendant conducted a reduction in force that resulted in the termination of hundreds of Call Center employees, including Plaintiff.

36. Upon information and belief, Defendant made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

37. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a) and (b), on behalf of herself and all other similarly situated former employees who worked for the Call Center and who were terminated without cause, or were terminated without cause as a reasonably foreseeable consequence of the mass layoff or plant closing beginning on or around February 24, 2022 and within 90 days thereof, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

38. The persons in the WARN Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

39. Upon information and belief, Defendant employed over 1,300 employees in the aggregate who worked for the Call Center, and who received assignments from, or reported to, a single site of employment.

40. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

41. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

42. On information and belief, the site to which each of WARN Class Members received assignments from, or reported to is contained in the books and records of Defendant.

43. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of Defendant;

    (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c) whether Defendant unlawfully failed to pay WARN Class members 60 days wages and benefits as required by the WARN Act.

44. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, reported to, or received assignments from its Headquarters site and was terminated without cause within 90 days of February 24, 2022, due to the mass layoff or plant closing ordered for the Call Center on February 24, 2022.

45. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

46. Within 90 days of February 24, 2022, Defendant terminated Plaintiff's employment as part of the mass layoff or plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), and § 2102(d), for which she was entitled to receive 60 days' advance written notice under the WARN Act.

47. Certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

48. Concentrating all the potential litigation concerning the WARN Act rights of the members of the WARN Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

49. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW JERSEY WARN ACT CLASS ALLEGATIONS

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff brings the Second Claim for Relief for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2, as amended ("New Jersey WARN Act"), pursuant the New Jersey WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), on behalf of herself and a class of similarly situated New Jersey residents who worked for the Call Center and were terminated without cause beginning on or about February 24, 2022, and within 90 days of that date (the "New Jersey WARN Class").

52. The persons in the New Jersey WARN Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

53. On information and belief, the identity of the members of the New Jersey WARN Class and the recent residence address of each of the New Jersey WARN Class members is contained in the books and records of Defendants.

54. On information and belief, the rate of pay and benefits that were being paid by Defendants to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

55. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the New Jersey WARN Class were employees of Defendants;

(b) whether Defendants unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act; and

(c) whether Defendants unlawfully failed to pay the Class members 60 days wages and benefits as required by the New Jersey WARN Act.

56. Plaintiff's claims are typical of those of the New Jersey WARN Class. Plaintiff, like other New Jersey WARN Class members, worked for the Call Center and was terminated without cause as part of layoffs beginning on February 24, 2022, and within 90 days of that date, for which Defendant did not advance written notice.

57. Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

58. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual New Jersey WARN

WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

59. Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the New Jersey WARN Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the New Jersey WARN Class.

60. Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104
*(Asserted by the WARN Class)*

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

63. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order or conduct the mass layoff or plant closing beginning on or about February 24, 2022.

64. Beginning on or about February 24, 2022 and within 90 days thereof, Defendant ordered or conducted a mass layoff and/or plant closing at a single site, as those terms are defined by 29 U.S.C. § 210l(a)(2) and (3), and 20 C.F.R. § 639.3(i)(6) and (j).

65. The mass layoff and/or plant closing resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(3) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce that worked at, received assignments from or reported to the Headquarters site, or at least 500 employees, pursuant to 29 U.S.C. § 2l01(a)(3)(B)(ii).

66. Plaintiff and other similarly situated employees were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff and/or plant closing of the Call Center.

67. Plaintiff and other similarly situated employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

68. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

69. Defendant failed to give the Plaintiff and other similarly situated employees written notice that complied with the requirements of the WARN Act.

70. Plaintiff and each of the other similarly situated employees are "aggrieved employees" as that term is defined in 29 U.S.C. § 2104 (a)(7).

71. Defendant failed to pay Plaintiff and the other similarly situated employees their respective wages for 60 days following their respective terminations, and failed to provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## SECOND CLAIM FOR RELIEF

### Violation of the New Jersey WARN ACT
*(Asserted by the New Jersey WARN Class)*

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. At all relevant times, Defendant was an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until it decided to terminate operations at the Establishment and/or Facility as defined by PL. 2007, c.212, C.34:21-2, as amended.

74. Beginning on or about February 24, 2022, Defendant ordered a termination of operations as defined by the New Jersey WARN Act.

75. The New Jersey WARN Class Members suffered a termination of employment under the New Jersey WARN Act, having been terminated by Defendants without cause on their part.

76. Defendants were required by the New Jersey WARN Act to give the New Jersey WARN Class members at least 60 days' advance written notice of their terminations.

77. Defendants failed to give the New Jersey WARN Class members written notice that complied with the requirements of the New Jersey WARN Act.

78. Defendants failed to pay the Class Members their severance equal to at least one week of pay for each year of employment as required by the New Jersey WARN Act.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B.  Designation of the Plaintiff as the Class Representative;

C.  Appointment of the undersigned attorneys as Class Counsel;

D.  A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages for the 60 days, that would have been covered and paid for that period, and/or at least one week of severance pay for each year of employment, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(A), and the New Jersey WARN Act PL. 2007, c.212, C.34:21-6, as amended, including any civil penalties; and

E.  Such other and further relief as this Court may deem just and proper.

Dated: January 3, 2025

Respectfully submitted,

By: */s/ Heather Moore Collins*
Heather M. Collins
**HMC CIVIL RIGHTS**
7000 Executive Center Drive, Suite 320
Brentwood, Tennessee 37027
Telephone: (615) 724-1996
Email: heather@hmccivilrights.com

Jack A. Raisner (*pro hac vice application forthcoming*)
René S. Roupinian (*pro hac vice application forthcoming*)
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and the putative class*